REUBEN CARPENTER *vs.* WILLIAM ALLEN & others.

Worcester.    October 1, 1889. — November 30, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Fixtures — Mortgage of Personal Property — Replevin.*

The owner of machinery attached it to his factory, which with the land under it was already subject to a mortgage, and subsequently mortgaged the machinery as personal property. The mortgagee, having foreclosed the mortgage upon the machinery for breach of condition, replevied it from a third person who had acquired possession of it, but who did not claim title to it under the mortgagor, or anybody else. *Held,* that a finding was warranted that the machinery was personal property belonging to such mortgagee, and that he could maintain the action of replevin.

MORTON, C. J.   This is an action of replevin of an engine and boiler.   The property replevied was formerly owned by Reuben and Paris Rich, who in June, 1883, attached it to their factory in Charlton, and at the same time mortgaged it as personal property to the plaintiff.   The Superior Court was justified in finding, from the fact of the giving of this mortgage, that the mortgagors agreed that the property should not become a part of the realty, but should remain personalty.   The land upon which the building stood was under a mortgage to one Walker, at the time the property was attached to it.   It was adjudicated in *Carpenter* v. *Walker*, 140 Mass. 416, that the property was personal property, and passed to the plaintiff under his mortgage.   This adjudication was made upon the same state of facts existing in the case at bar, so far as the title of the plaintiff is concerned.

The defendant, in some manner not disclosed, came into possession of the property after it was severed from the realty, but he does not claim any title to it, either under the Riches, or Walker, or anybody else.

It was competent for the Superior Court to find that the property passed to the plaintiff under his mortgage, and that he is entitled to maintain this action, there having been a breach of the conditions of the mortgage; *Carpenter* v. *Walker*, *ubi supra*, and cases cited; and the exceptions taken by the defendant George L. Allen must be overruled.

*Exceptions overruled.*

*F. A. Gaskill*, for George L. Allen.

*T. G. Kent & A. J. Bartholomew*, for the plaintiff.