PETER TARBELL *vs.* ALFRED PAGE.

Middlesex.    November 11, 1891. — January 6, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Trespass — Mortgage — Partial Release — Mortgagee in Possession —*
*Certificate of Entry — Marshalling of Assets.*

A mortgagee in possession under a certificate of entry for breach of condition has a sufficient title to enable him to maintain an action of trespass for damage to the premises.

A second mortgagee conveyed part of the mortgaged premises by quitclaim deed, which did not refer to the mortgages, and in which he warranted against all persons claiming through or under the grantor; and subsequently acquired the first mortgage thereon. *Held,* that he was not precluded by his prior conveyance from obtaining title under the first mortgage, and enforcing it against his grantee.

An agreement by the owner of the equity in mortgaged premises with a third party that a building to be erected thereon by such third party should be the property of the third party, and might be removed by him in case the owner of the equity failed to satisfy an indebtedness to the third party, is invalid as against the holder of the prior mortgage.

The plaintiff, holding a first mortgage on an entire tract of land and a second mortgage on a part thereof, foreclosed both mortgages at the same time, realizing from the foreclosure sale more than was due upon the first mortgage, but less than was due upon both mortgages. *Held,* that as holder of the second mortgage he had a right to have a proper proportional part of the first mortgage satisfied out of that part of the land which was not covered by the second mortgage.

TRESPASS QUARE CLAUSUM for entering upon the plaintiff's premises, situated in the town of Shirley, on December 24, 1888, and tearing down and removing a dwelling-house thereon. At the trial in the Superior Court, before *Sherman,* J., the following facts were agreed.

In June, 1874, one McMullen mortgaged a tract of fifty acres, including the premises in question, to one Bathrick; and in August of the same year he conveyed his equity therein to one O'Mealey, who in 1876 gave a second mortgage of the entire tract to the plaintiff. In 1877 the plaintiff conveyed to O'Mealey by quitclaim deed in the ordinary form, in which neither mortgage was mentioned, that part of the tract on which the house in question stood, covenanting that it was free from incumbrances suffered by the grantor, and warranting

against all persons claiming through the grantor. Subsequent to this conveyance, and more than six years before the trespass complained of, the defendant erected the building in question, upon an oral agreement with the then owner of the equity in the land on which the building stood, that the building should become the property of the defendant in case such owner should fail to pay the defendant an indebtedness incurred partly in the erection of the building and partly in other ways; and such owner also gave the defendant an oral license to enter upon the premises and remove the building in case of his failure to pay the indebtedness. The licensor died insolvent before the trespass complained of, without having paid the debt. In October, 1888, the defendant acquired by mesne conveyance. the title of O'Mealey to the entire fifty-acre tract; and on December 1, 1888, the plaintiff took an assignment of the first mortgage given to Bathrick in 1874. On December 5, 1888, the plaintiff entered to foreclose under the first mortgage, of which a certificate was duly made and recorded; on December 24, 1888, the defendant committed the trespass complained of; and on December 31 the plaintiff sold at a foreclosure sale under the first and second mortgages, both of which were then overdue, what remained of the fifty-acre tract. About twelve hundred dollars was then due on both mortgages, and the purchaser at the foreclosure sale bid in the land for eight hundred dollars as agent for the plaintiff, and immediately conveyed it to the plaintiff.

The judge ordered judgment for the plaintiff for two hundred and twenty-five dollars, that sum having been agreed to by the parties if the court should be of the opinion that the plaintiff was entitled to anything beyond damages for a technical trespass; and the defendant appealed to this court.

*C. S. Lilley,* (*C. F. Worcester* with him,) for the defendant.

*N. D. Pratt,* for the plaintiff.

KNOWLTON, J. The plaintiff, as mortgagee in possession under a certificate of entry for a breach of the condition, had a sufficient title to the real estate to give him a right of action against the defendant for entering on the premises and tearing down and carrying away the dwelling-house standing thereon.

The license given the defendant by the owner of the equity of redemption to enter on the land and remove the house erected

by him in case the owner of the equity should fail to pay him the amount of his indebtedness, was invalid as against the holder of the prior mortgage. *Clary* v. *Owen*, 15 Gray, 522. *Hunt* v. *Bay State Iron Co.* 97 Mass. 279. *Thompson* v. *Vinton*, 121 Mass. 139.

The plaintiff can, therefore, recover as damages in this action the amount which the property was diminished in value by the removal of the dwelling-house, unless he is precluded by the foreclosure of his mortgage under the power of sale, and by the defendant's ownership of the equity of redemption at the time of the foreclosure.

His title under the first mortgage was not affected by the release which he gave before acquiring it. His covenant in the release related only to the title which he had previously acquired, and was not intended to preclude him from obtaining and holding a new and independent title then outstanding. *Comstock* v. *Smith*, 13 Pick. 116. *Doane* v. *Willcutt*, 5 Gray, 328. *Huzzey* v. *Heffernan*, 143 Mass. 232.

As holder of the second mortgage, the plaintiff had a right to have a proper proportional part of the first mortgage satisfied out of that part of the land which was not covered by the second mortgage, so that the security of the second mortgage might not be impaired by paying a disproportionate part of the first mortgage from the proceeds of the land covered only by the second mortgage. As holder of the first mortgage, it was his duty to collect the damages caused by the removal of the building, and, upon satisfaction of the first mortgage, to hold the remainder of the money for those who were equitably entitled to it. If it were not for the second mortgage, the defendant, being the holder of the equity of redemption, would take it; and inasmuch as the first mortgage was paid in full from the proceeds of the foreclosure sale, the defendant's interest might be availed of to avoid circuity of action, and the damages recoverable in this case would be merely nominal. But the ownership of the defendant cannot avail against the plaintiff's right under the second mortgage to have the first mortgage paid in proper proportion from the real estate, not included in the second mortgage, as it was before its value was diminished by the removal of the house. Under the agreement, the plaintiff is entitled to recover $225.          *Judgment affirmed.*