STEPHEN JENNINGS *vs.* JOHN P. VAHEY.

Suffolk.　　January 23, 1903. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY JJ.

*Fixtures. Real Property.*

Ordinary portable kitchen ranges with hot water fronts, each standing on a piece of zinc, placed by the owner of an apartment house one in each of its twenty-four apartments, under an agreement with the seller of the ranges that the title should remain in him until they were paid for, may be found not to have become a part of the realty. And *semble,* that a finding would be justified that such ranges so placed were not intended to become part of the realty after they were paid for.

BILL IN EQUITY, filed September 5, 1902, to restrain the defendant from removing certain ranges from an apartment house on which the plaintiff held a mortgage.

In the Superior Court *Hardy,* J. made certain findings which are quoted in the opinion, and ordered that the bill be dismissed. The plaintiff appealed.

*D. Stoneman,* for the plaintiff.

*J. H. Vahey, C. H. Innes & J. B. Ferber,* for the defendant.

KNOWLTON, C. J.   The plaintiff holds a title as mortgagee of an apartment house consisting of twenty-four apartments, in each of which is a kitchen range.   The defendant made a contract with a predecessor in title of the plaintiff's mortgagor, to set up these ranges, with a stipulation that the title to them should remain in him until they were paid for.   As they have not been paid for, the defendant claims a right to take them out under his contract, and the plaintiff has brought this bill to enjoin him, contending that the ranges are a part of the real estate which passed to the plaintiff under his mortgage.   The judge at the trial found facts as follows: " 1.  I find that the ranges were not annexed to and did not become part of the realty; that they had no peculiar adaptation to the tenements in which they were placed; that they were no more essential to the enjoyment of the premises than any other ranges that could have been procured as furniture to replace them.   2.  I do not find that the defendant or original lessee of the ranges, then being the owner of the buildings, intended that they should become a part of the realty either before or after they were paid for."   He entered a decree dismissing the bill and the case is before us on the plaintiff's appeal.

The only question before us is whether the findings are so clearly erroneous as to call for a reversal of the decree.  *Sheffield* v. *Parker*, 158 Mass. 330.   *Wentworth* v. *S. A. Woods Machine Co.* 163 Mass. 28.   *Boston Music Hall Association* v. *Cory*, 129 Mass. 435.

The evidence shows that these are ordinary portable kitchen ranges, used principally for cooking, one being placed in the kitchen of each of the twenty-four apartments, resting upon a piece of zinc, which was also furnished by the defendant and laid upon the floor without being fastened to it, or to the range in any manner.   From each of the ranges an ordinary funnel or stove pipe passes into a hole in the chimney, constructed to receive such a pipe.   Each range has a hot water front, which is not an essential part of the range, but can easily be removed from it without causing damage, as ranges of this kind are made with or without hot water fronts.   Pipes from a hot water boiler are connected with the water front of each range by brass couplings and screws, which are attached to the boiler, and were

connected by a plumber.   The hot water boiler is not fastened to the building, but is placed upon a stand which rests on the floor without being attached to it.   If the boiler should be removed it would leave no sign of its having been there, except a hole in the ceiling of about the size of a gas pipe, through which the water pipe passes.   The range could be removed without damage to the premises, and could be used in any other place where there is a hole in the chimney for a funnel.   Such ranges can be bought at any stove store.

The case is almost identical with *Boston Furnace Co.* v. *Dimock*, 158 Mass. 552, in which it was held as a matter of law by a majority of the court that the ranges did not become a part of the building.   There was evidence in that case which, in the opinion of a minority of the court, presented a question of fact as to whether they belonged to the real estate.   But the minority did not intimate that the question of fact should be decided in favor of the petitioner, who contended that they were a part of the realty.   In the present case there is no ground for holding more favorably to the plaintiff than that there was a question of fact which it would be possible for a jury to find in his favor.   But we are of opinion that the findings of the presiding judge were right.   A decision to the same effect was made in *Towne* v. *Fiske*, 127 Mass. 125, where portable furnaces set in the cellar of a house were held to be personal chattels.   See also *Pierce* v. *George*, 108 Mass. 78; *McLaughlin* v. *Nash*, 14 Allen, 136; *Kimball* v. *Grand Lodge of Masons*, 131 Mass. 59; *Maguire* v. *Park*, 140 Mass. 21; *Hubbell* v. *East Cambridge Five Cents Savings Bank*, 132 Mass. 447.

The ranges seem to have been such as, in most parts of the State, tenants take with them from house to house when they change their residence, and set up as a part of their furniture, as they carry a bureau or a table.   The fact that the owner of the building placed one in each of his twenty-four apartments, gives a suggestion of permanence, which furnishes some ground for an argument in behalf of the plaintiff; but the contract which he made with the defendant shows that he did not intend immediately to make them his property as a part of the real estate. We certainly cannot say that the decision of the judge of the Superior Court was plainly wrong.          *Decree affirmed.*