MATTIE T. HOOK *vs.* ELLEN A. BOLTON.

Suffolk.   December 12, 1907. — June 15, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Fixtures.   Mortgage,* Of real estate.

As between the mortgagor and the mortgagee of a dwelling house, gas fixtures attached to the building and used with it may or may not be personal property according to the facts and circumstances which tend to show that they do or do not belong to the building and were or were not intended to remain with the building as a part of it. And this also is true of steam radiators, a kitchen range and window screens and door screens.

A gas stove and window shades, running on rollers, in an ordinary dwelling house for a single family, not peculiarly fitted for use in this house but of a standard pattern, loosely affixed and easily removed, put into the house by its owner and mortgagor, as matter of law are personal property, and do not pass as part of the realty on a foreclosure sale under the mortgage.

TORT for the conversion of certain articles alleged by the plaintiff to be chattels but claimed by the defendant as fixtures annexed to a dwelling house numbered 86 on Bloomfield Street in Boston which she had purchased at a foreclosure sale. Writ in the Municipal Court of the City of Boston dated June 27, 1904.

On appeal to the Superior Court the case was tried before *White*, J. At the close of the evidence the plaintiff asked the judge to give to the jury the following instructions:

"1. I rule that the gas-fixtures and gas chandeliers in the house were personal property as matter of law, and did not pass by the mortgage, and that the plaintiff is entitled to recover damages for their value on June 13, 1904.

"2. Ordinary steam radiators, detachable from the pipes, and

suitable for use in any building, are personal property as matter of law. If you find that the radiators in question were radiators of this sort, I rule that they did not pass by the mortgage and the defendant got no title to them, and that the plaintiff is entitled to recover as damages their value on June 13, 1904.

" 3. Gas stoves of the kind described in the testimony in this case are personal property as matter of law; they did not pass by the mortgage; the defendant got no title to these stoves, and the plaintiff is entitled to recover as damages their value on June 13, 1904.

" 4. Ordinary portable kitchen stoves or ranges, used principally for cooking, with hot water fronts, and with stovepipes running into the chimneys, are personal property as matter of law; and stoves or ranges of this character did not pass to the mortgagee or the defendant under the mortgage, but the plaintiff is entitled to recover as damages for their conversion their value on June 13, 1904.

" 5. Ordinary window-shades, running on rollers, and detachable from their sockets, are personal property as matter of law; and window-shades of this character do not pass to the mortgagee or the defendant under the mortgage, but the plaintiff is entitled to recover as damages for their conversion their value on June 13, 1904.

" 6. Window-screens and screen doors of the ordinary kind, made for temporary use during the summer months to keep out flies and other insects, bought ready made without being specially manufactured to fit this house, and suitable for use on any other house of a generally similar character, are personal property as matter of law; and window-screens and screen doors of this character did not pass to the mortgagee or the defendant under the mortgage, but the plaintiff is entitled to recover as damages for their conversion their value on June 13, 1904."

The judge refused to give the instructions requested, and left it to the jury to determine whether the articles referred to in the requests for instructions had become a part of the real estate by being annexed thereto, or remained personal property.

The jury returned a verdict for the plaintiff in the sum of $23.40, including interest since June 13, 1904; and the plaintiff alleged exceptions.

The case was argued at the bar in December, 1907, before *Knowlton,* C. J., *Hammond, Loring, Braley,* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*O. O. Partridge,* for the plaintiff.

*J. F. Lynch,* for the defendant.

KNOWLTON, C. J. This is an action of tort to recover the value of certain articles annexed to a dwelling house and used with it. The defendant claimed title under the foreclosure of a mortgage of the real estate. The plaintiff requested the presiding judge to rule as to several classes of these articles that they were personal property and not fixtures.

The principles of law applicable to cases of this kind have been stated many times in recent opinions of this court. In *Hopewell Mills* v. *Taunton Savings Bank,* 150 Mass. 519, 521, 522, is this language : " A machine placed in a building is found to be real estate or personal property from the external indications which show whether or not it belongs to the building as an article designed to become a part of it and to be used with it to promote the object for which it was erected or to which it has been adapted and devoted, an article intended not to be taken out or used elsewhere, unless by reason of some unexpected change in the use of the building itself. The tendency of the modern cases is to make this a question of what was the intention with which the machine was put in place." See also *Wentworth* v. *Woods Machine Co.* 163 Mass. 28; *Ridgeway Stove Co.* v. *Way,* 141 Mass. 557; *Southbridge Savings Bank* v. *Mason,* 147 Mass. 500; *Southbridge Savings Bank* v. *Stevens Tool Co.* 130 Mass. 547; *Pierce* v. *George,* 108 Mass. 78; *Leigh* v. *Taylor,* [1902] A. C. 157, 161. Of course the rule is the same as to articles attached to a dwelling house as it is as to machines put into a factory. As bearing upon the question, " the nature of the article and the object, the effect, and the mode of annexation are all to be considered." Generally, the question whether an article attached to a building belongs to the real estate is a mixed question of law and fact.

The application of these principles to the facts of the present case require us to sustain the rulings of the judge as to all the articles except the gas stoves and the curtains.

It is contended that the gas fixtures should have been held to

be personal property as matter of law, on the authority of *Guthrie* v. *Jones*, 108 Mass. 191, and *Towne* v. *Fiske*, 127 Mass. 125. In the opinion in each of these cases there is language which goes beyond the decision, and tends to support the plaintiff's contention. The later case merely adopts the language of the earlier one. But in each of the cases, the question before the court was whether the gas fixtures, upon the evidence, could be ruled as matter of law to be a part of the realty. The decision was simply that they could not. We have not been referred to any case in which the court has decided that gas fixtures attached to a building and used with it are, as matter of law, personal property. They may or may not be, according to the facts and circumstances which tend to show that they do or do not belong to the building, and were or were not intended to remain with it as a part of it. As to the gas fixtures, the steam radiators, the kitchen range and the window screens and door screens, the judge was right in submitting the questions to the jury, with proper instructions. *Allen* v. *Mooney*, 130 Mass. 155. *Ridgeway Stove Co.* v. *Way*, 141 Mass. 557. *Jennings* v. *Vahey*, 183 Mass. 47.

The gas stove and the window shades, running on rollers, stand differently. It may be that certain apartment houses, or other dwelling houses designed for occupation by tenants, are constructed in some of our cities and intended to be used in such a way that the introduction of such gas stoves and window shades by the owner, to go with the house as a part of it, for use by the tenants, may hereafter be proved at a trial. See *Jennings* v. *Vahey*, 183 Mass. 47. It is entirely possible that the mode of construction and use of certain kinds of houses may be such that articles of this kind will be made a part of the house for permanent retention and use in the places where they are put. If it becomes a practice to build and use houses in such a way these articles may be put in as fixtures. As to the application of the law, we agree with Lord Halsbury in what he said in *Leigh* v. *Taylor*, [1902] App. Cas. 157, 161, in regard to the decisions of the courts: "The facts have been regarded in different aspects, according to the fashion of the times, the mode of ornamentation, and the mode in which houses were built, and the degree of attachment which from time to time became neces-

sary or not, according to the nature of the structure which was being dealt with."

In the present case we discover no evidence to warrant the jury in finding that the gas stove and window shades were a part of the realty. So far as appears, the building in question was an ordinary dwelling house for a single family, and there is nothing to show that it was intended to be occupied or used differently from common dwelling houses. These were ordinary articles of merchandise, not peculiarly fitted for use in this house, were of a standard pattern, loosely affixed and easily removed, and were of the nature of personal property. They were put into the house by the mortgagor, and were of a kind of articles which usually are carried away by an outgoing occupant. There was nothing to show that the owner intended to annex them as a permanent addition to the real estate. We think upon the evidence, the judge was wrong in submitting to the jury the question whether they were a part of the realty.

*Exceptions sustained.*