HENRY N. CLARK COMPANY *vs.* SAMUEL F. SKELTON & another.

SAME *vs.* CHARLES H. GREENWOOD. .

Suffolk.     January 13, 1911. — March 3, 1911.

Present : KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Fixtures.*

Portable furnaces, which are removable from place to place by disconnecting the smoke pipes and the heat pipes as those of a stove or range are disconnected, do not necessarily become a part of the real estate to which they are affixed, and whether they have become so is a question of fact. Following *Towne* v. *Fiske*, 127 Mass. 125.

TWO ACTIONS OF REPLEVIN by the same plaintiff against different defendants, each to recover possession of two furnaces

with their accompanying pipes and registers, which were in the possession of the respective defendants at the time of the service of the plaintiff's writs. Writs in the Municipal Court of the City of Boston dated March 23, 1909.

On appeal to the Superior Court the cases were tried together before *Sanderson, J.* It appeared that the defendant Greenwood sold two parcels of land in Dorchester to one Cossett, who was a builder and bought the land for the purpose of constructing upon each of the lots a two family apartment house in conformity with the general character of houses in that locality. Cossett gave to one Babcock a first mortgage upon each parcel for $5,000 advanced to him as a construction loan, and gave a second mortgage to the defendant Greenwood upon each parcel for $1,000 as security for the payment of the purchase price.

The deed of the two lots to Cossett and these four mortgages by Cossett were given and recorded simultaneously on June 16, 1908. Cossett started to build the houses immediately and constructed them with the intention of putting in portable hot air furnaces as a heating plant, building into the walls, before they were lathed or plastered, pipes for conducting heat to the various rooms.

On October 17, 1908, Cossett purchased from the plaintiff, under a contract of conditional sale called a lease, the four portable hot air furnaces in question and they were delivered and set up by the plaintiff, two in each house. They were portable furnaces, removable from place to place, and all that was necessary to do to remove them was to disconnect the smoke pipes and the heat pipes as one would the pipes of a stove or range. All that the plaintiff did in installing these furnaces was to slip the smoke pipes running from the furnaces into the chimney and the heat pipes running therefrom into the joints of the pipes which already had been installed in the walls of the houses. The plaintiff had nothing whatever to do with placing these pipes in the walls of the houses, which carried the heat through the house, or with building the cold air boxes.

Greenwood foreclosed both of his second mortgages by entry on December 10, 1908, and by an auction sale on January 4, 1909, at which he himself became the purchaser of both parcels with the two houses which had been constructed and completed

by Cossett. The defendants Skelton probably held under Greenwood, although this does not appear from the report.

By the terms of the contract of conditional sale the furnaces were to remain the property of the plaintiff until they were paid for in full, with the right to take and remove them upon a failure by the purchaser, Cossett, to make the payments required by the contract. It seems to have been assumed that the plaintiff brought the two actions of replevin to take possession of the furnaces on account of a breach of condition in the contract of sale but this is not stated in the report.

At the close of the evidence the judge with appropriate instructions submitted the cases to the jury, who in each case returned a verdict for the plaintiff. Thereupon the judge, by agreement of the parties, reported the cases for determination by this court of the question whether or not upon all the evidence the cases should have been submitted to the jury. If the action of the judge in submitting the cases to the jury was right, the verdicts were to stand; if it was wrong, judgment was to be entered for the defendants in both cases.

*J. J. Feely*, for the plaintiff.

*T. C. Batchelder*, for the defendants.

Rugg, J. These are actions of replevin to recover certain portable furnaces. The only question raised is whether as matter of law they had become a part of the real estate. These furnaces appear to have been of the same kind as to size, method of attachment and use as those under discussion in *Towne* v. *Fiske*, 127 Mass. 125, where it was held that the issue was for the jury. Generally it is a mixed question of law and fact whether articles of personal property which can be moved and used in another place have become a part of the real estate. This principle has been applied in several cases where the issue has arisen whether movable furnaces and ranges were fixtures. *Turner* v. *Wentworth*, 119 Mass. 459. *Ridgeway Stove Co.* v. *Way*, 141 Mass. 557. *Jennings* v. *Vahey*, 183 Mass. 47. *Hook* v. *Bolton*, 199 Mass. 244. *Smith* v. *Bay State Savings Bank*, 202 Mass. 482. There is nothing in the present case not fully covered by these decisions.

*Verdicts to stand.*