## FREDERICK E. NICKELS *vs.* JOSEPH SCHOLL.

Suffolk.    June 26, 1917. — September 13, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Statute,* Construction. *Contract,* Of conditional sale. *Sale,* Conditional. *Mortgage,* Of personal property. *Notice. Equity Jurisdiction,* To restrain removal of personal property. *Municipal Corporations,* City or town clerk. *Real or Personal Property.*

St. 1912, c. 271, § 1, is as follows: "No conditional sale of heating apparatus, plumbing goods, ranges or other personal property which are afterwards wrought into or attached to real estate shall be valid as against any mortgagee, purchaser or grantee of such real estate, unless within ten days after the making of the contract of conditional sale, such contract, or a memorandum thereof signed by both parties thereto, is recorded in the clerk's office of the city or town in which the real estate is situated." *Held,* that, the clause ", or a memorandum thereof signed by both parties thereto," being enclosed in commas, the requirement of the signing by both parties does not apply to the contract of conditional sale itself when that is recorded but merely is intended to ensure the correctness of the memorandum, and the record of an original contract of conditional sale of heating apparatus signed by the purchaser and not by the seller, made within the required time in the clerk's office of the city in which the real estate is situated, is constructive notice of the contract, and gives the seller as against the mortgagee of the real estate the right to remove such heating apparatus, if unpaid for.

Under the statute quoted above, although R. L. c. 25, § 64, requires a city or town clerk to keep an index of instruments entered with him which are required to be recorded, the indexing of the record of such a contract of conditional sale is not a part of the record, and accordingly the recording within the required time by the city clerk of such a contract of conditional sale of plumbing materials installed in a house is none the less constructive notice of the instrument to a mortgagee of the house because the city clerk by mistake omitted to index the record of the contract in the name of the purchaser of the plumbing materials and inserted in the index only the name of their seller.

In a suit in equity involving the validity of the contracts of conditional sale for heating apparatus and plumbing materials mentioned above, it was found by a master to whom the case was referred that the heating apparatus and the plumbing materials were attached to the houses in the usual way, that they were of a stock pattern of a type easily duplicated in the open market and that they could be removed without causing any substantial injury to the buildings. *Held,* that a finding by the master that the heating apparatus and the plumbing materials were personal property was warranted.

BILL IN EQUITY, filed in the Superior Court on January 8, 1916, by the owner of certain land and the dwelling houses thereon on Hitchborn Street in Revere and also of two dwelling houses on Bow Street in Medford, all of which the plaintiff bought at public auction on December 20, 1915, from Mary A. Shine, as the mortgagee under certain power of sale mortgages given to her by one Louis Fleischer, to restrain the defendant from removing the heating apparatus and the plumbing appliances from such houses.

The case was referred to a master who filed a report containing the findings that are described in the opinion.

Later the case was heard by *Lawton,* J., upon the exceptions of both parties to the master's report. The judge overruled the plaintiff's exceptions to the master's report and also those of the defendant and ordered that a decree be entered dismissing the bill with costs. A final decree to that effect was entered; and the plaintiff and the defendant both appealed.

The case was submitted on briefs.

*C. A. McDonough,* for the plaintiff.

*D. Stoneman, A. I. Stoneman & A. G. Gould,* for the defendant.

CROSBY, J. The plaintiff, as owner of a certain dwelling house in Revere, seeks to restrain the removal therefrom, by the defendant, of the plumbing fixtures installed therein by one Karger under a contract with the former owner of the house. The plaintiff also, as the owner of two dwelling houses in Medford, seeks to restrain the defendant from removing therefrom certain steam heating apparatus which had been installed in the houses by one Connor under a contract with the former owner of the houses.

The master to whom the case was referred found that "The plaintiff became owner of the several lots and houses thereon at a foreclosure sale December 20, 1915. The mortgagee named in each mortgage was Mary A. Shine, the bookkeeper of the plaintiff, who held the mortgages for the benefit of the plaintiff. The defendant claims title to the plumbing materials under an assignment from one Karger dated July 6, 1915, and he claims title to the heating apparatus by virtue of an assignment from one E. Connor dated September 11, 1915."

The lots upon which the houses above referred to were erected formerly were owned by Louis Fleischer.

On December 31, 1914, Fleischer, for the purpose of erecting a

house on a lot of land owned by him at 69 Hitchborn Street in Revere, executed a construction mortgage to Mary A. Shine to secure the payment of a loan made by her to him. At the same time and as a part of the same transaction, Fleischer and Shine executed another instrument called a "construction agreement," which provided for the payment of the money as the work progressed on the house.

On February 2, 1915, Fleischer made a written agreement with one Karger whereby the latter agreed to furnish labor and materials and install the plumbing in two six family houses at 69 Hitchborn Street, Revere, and also in a three family house on the same street. Before the work was completed on the second six family house on lot No. 69, Karger refused to proceed further with the contract unless he was secured by Fleischer for the payment of the finished plumbing.

The master also found that "Fleischer offered the defendant as guarantor, and thereupon Fleischer and Karger on July 6, 1915, executed another written instrument in the form of a conditional bill of sale of the finished plumbing materials to be installed in the house in question. The conditional bill of sale provided that the plumbing materials were to remain the property of Karger until fully paid for. On the same day Karger assigned in writing this conditional bill of sale to the defendant to secure him on his guarantee to Karger, and Fleischer assented in writing to the assignment. The conditional bill of sale and the assignment were both recorded with the city clerk in Revere, July 6, 1915; but they were indexed in the records of the city of Revere under the name of Karger only, so that an examination of the index under the name of Fleischer would not disclose the record of either the contract or the assignment. Neither the plaintiff nor any one representing him had any actual notice of this conditional bill of sale and its assignment."

On January 20, 1915, Fleischer, then the owner of lots "A" and "B" on Bow Street, Medford, made two construction mortgages to Mary A. Shine to secure certain loans on each lot and the house to be erected thereon; and the same day, Fleischer and Shine made another written instrument which provided for the payment of the loans as the work progressed on the houses.

On March 26, 1915, Fleischer made a written agreement with

one Connor by which the latter agreed to furnish the heating appa-
ratus for the houses on lots "A" and "B." This agreement was
signed by Fleischer but was not signed by Connor. It was re-
corded in the city clerk's office in Medford on April 1, 1915. Pay-
ment by Fleischer under this agreement was also guaranteed by
the defendant and, upon the failure of Fleischer to pay the balance
due upon the contract that amount was paid by the defendant to
Connor. And on the same date, the latter executed an assignment
of the agreement to the defendant as security for such payment.
The assignment from Connor to the defendant was not recorded.

The agreement between Fleischer and Connor was a conditional
bill of sale and contained the following clause: "It is, however,
expressly understood and agreed by and between the parties
to this contract, that all stock and materials furnished by the
heating contractor shall be and remain his property until payment
is fully made therefor under the terms of this contract, and title
thereto is expressly reserved by said contractor. It is also ex-
pressly understood and agreed by and between the parties hereto
that all stock and materials furnished by the said contractor under
this contract shall be considered personal property between the
parties; and the said contractor expressly reserves the right to
disconnect and remove from the premises all stock and materials
so furnished, without notice, for non-performance or any breach
of this contract, and the said contractor shall not be liable or guilty
in any manner for trespass in so removing said property."

The master finds that "the plaintiff, or Mary A. Shine, or any
one representing them, had no actual notice of this agreement
between Connor and Fleischer or any notice either actual or
constructive of its assignment to the defendant;" that "It is not
contended that any express misrepresentations were made by
Fleischer, Karger or the defendant to the plaintiff or to Mary A.
Shine concerning the existence of the conditional sales and assign-
ments;" and that the plumbing materials and heating apparatus
were attached to the houses in the usual way, that they were of
standard stock pattern of a type easily duplicated in the open
market, and that they can be removed without causing any sub-
stantial injury to the buildings.

The plaintiff contends that, as the conditional contract of sale
between Fleischer and Connor was not signed by Connor, it is

invalid under the provisions of St. 1912, c. 271; and that the defendant is not entitled to the heating apparatus installed by Connor.

Manifestly the instrument so recorded was the contract which under the statute was required to be recorded. The statute is as follows:

"Section 1. No conditional sale of heating apparatus, plumbing goods, ranges or other personal property which are afterward wrought into or attached to real estate shall be valid as against any mortgagee, purchaser or grantee of such real estate, unless within ten days after the making of the contract of conditional sale, such contract, or a memorandum thereof signed by both parties thereto, is recorded in the clerk's office of the city or town in which the real estate is situated."

In construing a statute and arriving at the intention of the Legislature, not only must the words used be considered, but the purpose to be accomplished is also to be regarded.

It is to be observed that there is a comma after "contract;" and the words "or a memorandum thereof signed by both parties thereto" are separated from the rest of the sentence by commas. If a comma had not been placed after the word "contract" there would have been great force in the plaintiff's contention that the contract as well as the memorandum should be signed by both parties thereto in order to comply with the terms of the statute.

The punctuation plainly shows that it is only the memorandum that is to be signed by both parties. Although it has been held that punctuation may be disregarded, still it may be resorted to as an aid in construction when it tends to throw light on the meaning. *Maney* v. *Providence & Worcester Railroad,* 161 Mass. 283. *Commonwealth* v. *Kelley,* 177 Mass. 221.

Undoubtedly the intention of the Legislature in enacting the statute was to protect innocent persons from claims of ownership in personal property which had been attached to real estate under conditional sales.

If the contract itself is recorded it speaks for itself, and subsequent mortgagees, purchasers and grantees of the real estate are able fully to inform themselves as to its terms; while if only a memorandum of the contract is recorded and is made and signed by only one of the parties, his construction of the contract may be

incorrect, but if the memorandum is signed by both parties, they would be bound by their summary of the terms of the contract as embodied therein.

It seems plain that when the contract of conditional sale is recorded, the statute does not require it to be signed by both parties. Accordingly, the plaintiff's first exception to the master's report must be overruled.

In view of the master's finding with reference to the manner in which the plumbing materials and heating apparatus were attached to the buildings, and his further finding that they can be removed without substantial injury to the real estate, the plaintiff's second exception is overruled. The articles in question could have been found to be personal property. *Henry N. Clark Co.* v. *Skelton,* 208 Mass. 284. *Stone* v. *Livingston,* 222 Mass. 192.

The plaintiff contends that the error of the clerk of the city of Revere in failing to index properly the names of the parties to the conditional contract of sale of the plumbing materials, whereby the name of Fleischer did not appear in the index, rendered the record of no value, and that the record of the instrument erroneously indexed was not constructive notice to the parties.

While the statute, R. L. c. 25, § 64, requires a city or town clerk to make and keep an index of instruments entered with him which are required by law to be recorded, still the index ordinarily is no part of the record, and a mistake made in it by the clerk does not invalidate the notice afforded by a record otherwise in proper form.

The index is not designed for the protection of the parties recording the instrument but is for the convenience of those searching the records: it is for the purpose of furnishing additional facility in making such search. *Charham* v. *Bradford,* 50 Ga. 327. *Bishop* v. *Schneider,* 46 Mo. 472. *Green* v. *Garrington,* 16 Ohio St. 548. *Curtis* v. *Lyman,* 24 Vt. 338. *Dodge* v. *Potter,* 18 Barb. 193.

Although the conditional bill of sale of the plumbing materials given by Fleischer to Karger was not indexed under the name of Fleischer, that mistake cannot affect the rights of the defendant for the reasons above stated. Accordingly the plaintiff's third exception is overruled.

The plaintiff is charged with constructive notice of the defendant's claim and holds the real estate subject thereto. As the plain-

tiff's exceptions to the master's report cannot be sustained, it becomes unnecessary to consider the defendant's exceptions.

The final decree dismissing the bill must be affirmed with the costs of the appeal.

*So ordered.*