J. H. GERLACH COMPANY, INC. *vs.* F. A. NOYES.

Suffolk.    December 5, 1921. — March 6, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Landlord and Tenant,* Construction of lease. *Sale,* Conditional. *Real or Personal Property. Fixture. Estoppel.*

At the trial of an action for the conversion of bowling alleys, it appeared that the alleys were purchased by the tenant of a building, of which the defendant was owner, by a contract of conditional sale which provided that they "shall not be so attached or fixed to said building as to become part of the realty, and under no circumstances shall they be deemed so attached." The vendor assigned his interest in the agreement to the plaintiff as security. The agreement of conditional sale was recorded with the municipal records. At the time of the purchase, the tenant was holding the real estate under a lease which provided "that any and all alleys which may be constructed by or for the" tenant "in and upon said premises shall be deemed to be and be affixed to the realty, and shall not be removed therefrom except upon the written order of the Lessor." The alleys, each weighing three thousand pounds, were fastened to the building by screws and "solidly built into the building." The tenant, with the defendant's consent, assigned the leasehold and lease to another party. There was evidence tending to show that an agent of the vendor informed the defendant before the sale of the alleys that he was about to sell the alleys to the tenants on a conditional sale or lease under which the alleys were to remain the property of the seller until paid for and that the defendant gave him no information of the terms of his lease or of its provisions concerning alleys. There having been default under the provisions of the contract of sale, the vendor demanded the alleys of the defendant and the demand was refused, which was the alleged conversion. The judge refused to give rulings, asked for by the defendant, in substance that because of the provisions in the lease the tenants could give the plaintiff no right to treat the alleys as personal property or remove the same. There was a verdict for the plaintiff; and the defendant alleged exceptions. *Held,* that

(1) As between the tenant and the defendant the alleys, when attached, were no longer personal property and were not fixtures which could be removed during the term: they were a part of the realty and could be removed only by the defendant's written consent;

(2) The tenant could not transfer to another a greater right against the

landlord than he possessed, and could not give to another the right to enter upon the defendant's premises in violation of the agreement he had made;

(3) The tenant could not confer upon the vendor of the alley the right to enter upon the real estate in violation of the provisions of the lease from the defendant to the tenant;

(4) G. L. c. 184, § 13, relating to recording of conditional sales of heating apparatus, plumbing, gas ranges and other personal property of like kind, was not applicable;

(5) The conditional sale agreement did not give the vendor as against the defendant a right to remove the alleys;

(6) The rulings requested by the defendant should have been given;

(7) If the evidence to the effect that the vendor's agent before the conditional sale informed the defendant of its provisions and that the defendant did not inform him of the provisions of his lease respecting the alleys was believed, the defendant would be estopped to rely upon those provisions of the lease; and therefore a verdict in his favor could not be ordered.

(8) The defendant's exceptions were sustained.

TORT for the conversion of eight bowling alleys, John P. Magann and Frank C. Magann, co-partners doing business under the firm name and style of J. Magann and Company, originally being plaintiffs, and G. H. Gerlach Company, Inc., their assignee, by amendment being substituted as plaintiff bringing the action in behalf of and for the benefit of J. P. Magann and Company. Writ dated December 16, 1916.

In the Superior Court, the action was tried before *Bishop,* J. Material evidence and exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $4,780, the value of the alleys as they were situated in the defendant's building; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. P. Murray & J. H. Rogers,* for the defendant.

*W. Flaherty & W. T. McCarthy,* for the plaintiff.

CARROLL, J. By a written instrument dated July 16, 1915, the defendant leased to Peterson and Steele certain premises for the term of five years beginning October 1, 1915. The lease provided: "It is agreed between the parties hereto that any and all alleys which may be constructed by or for the party of the second part [Peterson and Steele] in and upon said premises shall be deemed to be and be affixed to the realty and shall not be removed therefrom except upon the written order of the Lessor." In January or February, 1916, Peterson and Steele, hereafter called the tenants, entered into possession of the premises and

in February, 1916, J. Magann and Company sold to them by conditional sale bowling alleys, which were later installed on the premises. This conditional sale agreement was in writing and contained the stipulation: "It is agreed that said personal property shall not be so attached or fixed to said building as to become part of the realty, and under no circumstances shall they be deemed so attached." In May, 1916, another agreement of the same tenor between the parties was executed· and recorded with the city clerk of Chelsea. These agreements were assigned to the plaintiff as security in August, 1916. The tenants assigned their interest in the real estate lease to the Metropolitan Amusement Company, to which assignment the defendant assented, reserving his rights against the tenant "for future payments thereunder." In September or October, 1916, the tenants failed to pay according to the terms of the conditional sale agreement, and when they were in default J. Magann and Company demanded that it be allowed to enter and remove the alleys, which demand was refused by the defendant. The jury viewed the premises. There was evidence that an agent of the vendor informed the defendant before the sale of the alleys, that he was about to sell the alleys to the tenants on a conditional sale or lease, under which agreement the alleys were to remain the property of the seller until paid for; that the defendant gave him no information of the terms of the lease, or of the provisions concerning the alleys. There was also evidence that J. Magann and Company had no notice of this provision of the lease. The action is in tort for conversion. There was a verdict for the plaintiff.

In constructing the alleys a levelling strip called the foundation was laid. To this foundation, strips of maple were secured and the alleys, each weighing three thousand pounds, were fastened to the building by screws and "solidly built into the building." Between the tenants and the owner of the premises, the alleys, in the absence of evidence showing a contrary intention by the parties, were of such a nature and so fastened to the building that they were a part of the real estate, although they were fixtures which could be removed during the ·tenancy. *Hanrahan* v. *O'Reilly*, 102 Mass. 201. See *Hook* v. *Bolton*, 199 Mass. 244. Unless there was an agreement or evidence showing an intention that the articles were to remain personal property, they became

in respect to the land owner a part of the freehold and were not personal property. *Stone* v. *Livingston,* 222 Mass. 192. *Noyes* v. *Gagnon,* 225 Mass. 580. If the articles sold to the tenants under the conditional sale were so annexed or wrought in to the realty that they became a part of it, at common law the land owner would prevail over the seller. In *Clary* v. *Owen,* 15 Gray, 522, the mortgagor in possession purchased mill wheels to be attached to a mill on the premises, it being agreed between him and the builders that the wheels should remain the personal property of the builder until paid for; it was held that the mortgagee could hold them, and in considering the contention that the property could not be claimed by the mortgagee, the court said at page 525: "If this position were tenable, it would follow that the mortgagor could convey to another a right in the mortgaged premises greater than he could exercise himself. . . . And we think it is not in the power of the mortgagor, by any agreement made with a third person after the execution of the mortgage, to give such person the right to hold anything to be attached to the freehold, which as between mortgagor and mortgagee would become a part of the realty." This principle has been followed in many cases. *Hunt* v. *Bay State Iron Co.* 97 Mass. 279. *Thompson* v. *Vinton,* 121 Mass. 139. *Tarbell* v. *Page,* 155 Mass. 256. In the case at bar, although the question of the right to remove the alleys does not arise between mortgagor and mortgagee, the purchasers of the articles were the defendant's tenants and under the express terms of the lease they had no right to remove the alleys without his written consent; and as between the tenants and the lessor, the alleys, when attached, were no longer personal property and were not fixtures which could be removed during the term; they were a part of the realty and could be removed only by the defendant's written consent. In our opinion the tenants could not transfer to another a greater right against the landlord than they themselves possessed, and could not give to another the right to enter upon the defendant's premises in violation of the agreement they had made. The tenant in this respect has no greater rights than the mortgagor in possession has against his mortgagee, and the tenants could not confer upon J. Magann and Company or their assignee, the right to enter upon the premises in violation of the terms of the lease.

In *Jennings* v. *Vahey,* 183 Mass. 47, and in *Henry N. Clark Co.*
v. *Skelton,* 208 Mass. 284, the articles were personal chattels or
mere furniture which did not become a part of the realty and
these cases are distinguishable on this ground.   In the case at
bar we are concerned with property which was so incorporated
into the building that it became a part of it; and under the cove-
nant in the lease, the tenants could not remove it, even during
the term of the tenancy.   In our opinion, they could not transfer
such a right to their vendor.   See *Raddin* v. *Arnold,* 116 Mass.
270; *Ridgeway Stove Co.* v. *Way,* 141 Mass. 557; *Southbridge
Savings Bank* v. *Exeter Machine Works,* 127 Mass. 542; *Natural
Autoforce Ventilator Co.* v. *Winslow,* 215 Mass. 462; *Ellis* v.
*Glover & Hobson, Ltd.* [1908] 1 K. B. 388.

The fact that the conditional sale agreement was recorded
under St. 1912, c. 271 (see now G. L. c. 184, § 13), does not help
the plaintiff.   That statute has application only to heating ap-
paratus, plumbing, gas ranges and other personal property of a
like kind.   See *Babcock Davis Corp.* v. *Paine,* 240 Mass. 438.

It follows that the agreement between the seller and the tenants,
as against the owner of the building, standing by itself, did not
give the plaintiff the right of removal.   The bowling alleys were
real estate and not personal property, and by the terms of the
lease could not be removed.   The defendant's requests that because
of the provisions in the lease the tenants could give the plaintiff
no right to treat the alleys as personal property, or remove the
same, should have been given, and the charge, so far as it was
inconsistent with this request, was error.

There was evidence that in September, 1915, before the alleys
were installed, a salesman of J. Magann and Company consulted
the defendant and informed him that he was selling the alleys to
the defendant on the conditional sale plan, the property to be
owned by J. Magann and Company until paid for.   If the jury
believed this evidence, they might find that, with knowledge of
the contract between J. Magann and Company and the tenant,
the lessor permitted the vendors to place the alleys in the build-
ing in ignorance of the conditions and terms of the real estate
lease; that the defendant was estopped to prevent the plaintiff
from removing them; that under the circumstances it was the
defendant's duty to speak, and not by his silence lead the seller

to believe that it could hold the alleys as its own until paid for, in accordance with the terms of the agreement between the seller and the tenants. See *Silver* v. *Roberts Garage, Inc.* 240 Mass. 571; *Day* v. *Caton,* 119 Mass. 513, 515; *Bragg* v. *Boston & Worcester Railroad,* 9 Allen, 54. If the defendant had knowledge of this conditional sale agreement between the seller and the tenants, the defendant would be bound by it. See *Searle* v. *Roman Catholic Bishop of Springfield,* 203 Mass. 493; *Southbridge Savings Bank* v. *Exeter Machine Works, supra,* page 545; *Hunt* v. *Bay State Iron Co., supra; Trask* v. *Little,* 182 Mass. 8; *Dolliver* v. *Ela,* 128 Mass. 557, 559. There was testimony tending to show that the defendant knew of this agreement between the seller and his tenants, and in view of this evidence a verdict could not be directed for the defendant.

*Exceptions sustained.*