EDWARD P. BROWN *vs.* GOLDTHWAITE FURNITURE
COMPANY.

Suffolk.   March 1, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Sale*, Conditional.   *Waiver.*

The provision of St. 1898, c. 545, now incorporated in R. L. c. 198, § 13, that the
vendor before taking possession of furniture under a contract of conditional sale
"for non-compliance with the terms of such contract . . . shall make a demand
in writing for the balance then due, at least thirty days before taking posses-
sion," applies only where the breach of contract is default in the payment of
money, and does not apply to a retaking of the furniture by the vendor on
account of its removal by the vendee in violation of the terms of the contract.

If a contract of conditional sale of furniture contains a provision that the furniture
shall not be removed without the consent in writing of the vendor, and the fur-
niture is removed by the vendee without such consent, the sending by the vendor
of a copy of the contract of sale to the vendee at the place to which the furniture
has been removed can be found to be a waiver by the vendor of his right to
retake the furniture on its removal without his consent.

TORT for the alleged conversion of certain household furniture,
removed by the defendant for alleged breach by the plaintiff of
a condition in a contract of conditional sale called a lease.   Writ
dated July 1, 1901.

At the trial in the Superior Court before *Hitchcock,* J., it ap-
peared, that the property was delivered originally by the defend-
ant to the plaintiff at No. 4 Alexander Street in that part of
Boston called Dorchester, and afterwards was removed by the
plaintiff to No. 123 Blue Hill Avenue in that part of Boston
called Roxbury, without the knowledge or consent of the defend-
ant before it was so removed.   There was put in evidence an
instrument purporting to be a copy of the lease which was sent
by the defendant to the plaintiff at the address 123 Blue Hill
Avenue.

The contract contained the provisions in regard to the removal
of the property which are stated in the opinion.

The defendant requested the judge to rule as follows : " If
the plaintiff removed the property from No. 4 Alexander Street,
Dorchester, without the consent of the defendant in writing he

thereby forfeited all right to said goods, and to further use of the same, and to all moneys paid, and the defendant would have the right to enter into and upon any premises occupied by him, and remove the goods without notice or demand, and without being deemed guilty of any trespass or wrong, and without being liable for appropriating the property to its own use."

The judge refused to make this ruling and gave other instructions one of which is quoted in the opinion. The jury found for the plaintiff in the sum of $20; and the defendant alleged exceptions.

*J. Cummings*, for the defendant.

*J. A. Coulthurst*, for the plaintiff, submitted a brief.

HAMMOND, J. This is an action for the conversion of certain articles of furniture named in a written lease thereof, in the nature of a conditional sale, given by the defendant to the plaintiff. It does not seem to be in dispute that the defendant subsequently took the goods from the plaintiff for an alleged breach of one of the conditions contained in the lease.

The lease provided for the payment of $15 down and a monthly payment of $8 thereafter; that the articles were to be used at "No. 4 Alexander Street in Dorchester," and that the vendee should not remove them or any of them from that place without the written consent of the defendant; and, further, that if the vendee failed to pay the rent thereinbefore stipulated, or if he removed the articles from said place, or sold them, underlet them, or suffered them "to be attached, mortgaged, damaged or injured, . . ." he thereby forfeited all right to the goods and to any further use of them "and to all moneys paid." The title in the goods was to remain in the vendor until the price was fully paid.

One of the rulings made by the court was that "The removal of the goods from No. 4 Alexander Street was at most a default by the plaintiff in the performance of the conditions of the lease, which the defendant could not take advantage of by retaking the goods under the lease, except after a demand in writing, in accordance with Chapter 198, § 13, of the Revised Laws, thirty days at least before so retaking the goods, anything to the contrary in the lease notwithstanding."

The main question is whether the statute provision that thirty

days before taking possession a statement of the amount due shall be furnished, and a demand for the payment thereof made, by the vendor, applies where the breach relied on is the wrongful removal of the articles.

It seems to have been assumed at the trial that R. L. c. 198, § 13, was in force at the time of the taking, and hence the ruling refers to it.   Inasmuch, however, as the writ is dated July 1, 1901, and the Revised Laws were not in force until January 1, 1902, it is plain that the judge really had reference to the statute which in substance was re-enacted in the section mentioned in the instruction given.   The statute was St. 1898, c. 545, and we therefore consider the ruling as referring to that.

The legislation upon the subject is to be found in St. 1881, c. 222; Pub. Sts. c. 192, § 13; St. 1884, c. 313, § 2; St. 1892, c. 411; and St. 1898, c. 545.   We do not deem it necessary to recite in detail these various statutes.   A careful consideration of the language of St. 1898, c. 545, especially when considered in the light of the previous legislation, leads us to the conclusion that the provision for a thirty days' notice and demand applies only where the breach relied upon is default in the payment of money.   The instruction therefore was erroneous.

The judge rightly refused to give the instruction requested by the defendant.   If the jury believed the evidence tending to show that after the goods were removed from Alexander Street to Blue Hill Avenue the defendant gave to the plaintiff an instrument purporting to be a copy of the lease, sending the same to him at his address at the latter place, they might well have found a waiver by the defendant of the condition of the original lease with reference to removal, so far at least as respected the removal to the latter place.

*Exceptions sustained.*