ABRAHAM H. MORRISON & others *vs.* JACOB N. SEGAL & another.

Suffolk.   December 31, 1929. — January 29, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Conversion.   Sale,* Conditional.   *Real and Personal Property.   Attorney at Law.*

A combination gas and coal range was sold under a contract of conditional sale and on the same day was set up in a house of the vendee, with each leg resting on a glass cup.  The smoke pipe of the stove was attached to the chimney of the building and its water front to the boiler thereof, in such a manner that it could be disconnected from both and removed without injury to the building.  A notice of the sale under G. L. c. 184, § 13, was recorded in the registry of deeds four days later.  A mortgage upon the land, which the vendee had given previous to the sale of the stove, was assigned and foreclosed by the assignee after such sale, the assignee purchasing the land at the foreclosure sale.  About a year thereafter the vendor of the stove, upon which no payment had been made by the vendee, demanded payment of the purchaser of the real estate, who still was in possession thereof.  An attorney representing said purchaser replied to that demand by letter to the effect that the vendor had no right to the stove as against his client.  In an action of tort thereupon brought in a district court by the vendor against said purchaser for conversion of the stove, it was *held*, that

(1) A finding was warranted that the stove had not become part of the building when set up therein;

(2) A finding was warranted that the stove was in possession of the defendant when the plaintiff made demand and the defendant's attorney replied thereto;

(3) The letter of the defendant's attorney was in legal effect that of the defendant, and properly could have been found, in the circumstances, to have been a manifestation of an intent to exercise dominion over the stove and to exclude the plaintiff from possession thereof;

(4) A finding for the plaintiff was warranted.

TORT. Writ in the Municipal Court of the City of Boston dated December 7, 1928.

Material evidence and rulings given and refused at the trial in the Municipal Court are stated in the opinion. The judge found for the plaintiffs in the sum of $150 and reported the action to the Appellate Division. The report was ordered dismissed and the defendants appealed.

The case was submitted on briefs.

S. T. Lakson, for the defendants.

H. I. Morrison, T. Morrison, & E. P. Shaw, for the plaintiffs.

SANDERSON, J. This is an action of tort for the conversion of three combination coal and gas stoves or ranges and accessories, brought in the Municipal Court of the City of Boston. On March 25, 1926, the property was sold on conditional bill of sale by the plaintiffs to Harris Gordon and were delivered and set up in three apartments in a building owned by him. On March 29, 1926, the plaintiffs caused to be recorded in the registry of deeds a notice of the conditional sale of these ranges in accordance with G. L. c. 184, § 13. On July 9, 1925, Gordon gave a third mortgage on the real estate to the defendant Jacob N. Segal. This mortgage was assigned on April 29, 1926, to the defendant Rebecca Segal, who on April 30, 1926, made an entry to foreclose for breach of condition, and thereafter at a sale under power in the mortgage became the purchaser of the property. In the foreclosure deed the estate is described as in the mortgage and no mention is therein made of personal property.

The testimony of the plaintiffs tended to prove that the stoves were set up in the apartments on the day when sold, each resting on four glass cups, with a smoke pipe,

connecting the stove to the chimney, and easily removable without injury to the building; that to the water front of each stove the boiler for the supply of hot water is connected by a coupling, also easily disconnected without injury to the building; that the stoves could be readily disconnected from the chimney and from the boiler supplying the hot water, and removed without damage to the real estate. No payment had been made for the stoves, although the plaintiffs had demanded payment from both defendants.

On March 21, 1927, the plaintiffs' attorney mailed a letter to the attorney for both defendants, stating, in substance, that unless he received the balance due on the ranges amounting to $268 with interest from March 25, 1926, he would immediately take steps to protect his clients' interest. On March 25, 1927, the defendants' attorney wrote the plaintiffs' attorney as follows: "Re A. H. Morrison & Sons v. Gordon, replying to yours of the 21st in which you claim to hold a lease on certain ranges delivered to 273 Belgrade Avenue, Roslindale, would say that I represent Rebecca Segal, the present owner of said estate. My contention is that your client has no right to the stoves as against my client." Both the defendants agreed that if a finding is warranted against either defendant such finding may be made against both.

The judge refused to give the defendants' requests that "There is no evidence to warrant a finding as matter of law that said defendants ever converted the stoves or any of them," and that the plaintiffs can recover only nominal damages. He refused certain requests as inapplicable to or inconsistent with the facts found; two of these were based upon the contention that the defendants are not liable in conversion for the reason that no demand has ever been made upon them, that they have never refused to allow the plaintiffs to take the stoves, and that the stoves became part of the realty. He granted in a qualified way the ruling that "If the court finds that the stoves have been attached to the realty" the plaintiffs "cannot recover," and stated that the "court finds stoves did not

become part of the realty." He granted the requests that "If the court finds that the stoves became part of the realty the plaintiffs cannot recover," and that "In order to recover the plaintiffs must prove that the notice was recorded not later than ten days after the first delivery." The judge made a general finding for the plaintiffs against both defendants. The case was reported to the Appellate Division, which dismissed the report.

The judge was justified in finding upon the evidence that the stoves did not become a part of the real estate, *Boston Furnace Co.* v. *Dimock*, 158 Mass. 552, *Jennings* v. *Vahey*, 183 Mass. 47, and upon such findings there was no error of law in the manner in which he dealt with the requests relating to that issue. It was not disputed that the stoves were in the apartments to which the defendant Rebecca Segal had the record title, and constituted a part of their equipment. They could have been found to be in the possession and control of both defendants when their attorney wrote the letter quoted. The statement by counsel for the defendants in his letter to the effect that he contended that the plaintiffs had no right to the stoves as against his client could be found to be the same in legal effect as though the defendants themselves had made the statement. Such a statement, when considered in connection with the circumstances under which it was made, could be found to be such an exercise of dominion and intention to exclude the plaintiffs from possession as to amount to a conversion. *Cheney* v. *Pierce*, 7 Allen, 485. *Luddington* v. *Goodnow*, 168 Mass. 223. *Scollard* v. *Brooks*, 170 Mass. 445, 448. *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway*, 187 Mass. 500, 506. *Handy* v. *Miner*, 258 Mass. 53, 62.

*Order of Appellate Division affirmed.*