## WAVERLEY CO-OPERATIVE BANK *vs.* LEWIS HANER.

Middlesex. October 9, 1930. — December 12, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Mortgage,* Of real estate: coöperative bank mortgage, foreclosure. *Sale,* Conditional. *Plumbing. Real and Personal Property.*

A coöperative bank, which was the holder of a duly recorded coöperative bank mortgage on certain real estate, not given to secure future advances but binding the bank to pay the full sum specified therein to the mortgagor, and which foreclosed the mortgage and bid in the

real estate at a price not more than the amount of the mortgage debt, thereby acquired title to certain plumbing and heating fixtures which, subsequently to the recording of the mortgage, had been sold to the mortgagor and made a part of the real estate under a contract of conditional sale, notice of which duly was recorded under G. L. c. 184, § 13, as amended by St. 1929, c. 261, even if some of the money secured by the mortgage was paid by the bank to the mortgagor after the bank had had notice of the conditional sale.

A mortgage of land contained a provision that it should include "all . . . fixtures of whatever kind and nature at present contained in . . . [the buildings on the real estate], or hereafter placed therein prior to the full payment and discharge of this mortgage." Certain heating and plumbing fixtures subsequently were sold to the owner of the land under a contract of conditional sale. Such property was wrought into and attached to a building on the land with the intention that they should remain as a permanent part thereof. Some of the property could have been removed without causing material damage to the building, and the remainder of the property could not so have been removed. *Held*, that a finding was warranted, if it was not required, that the heating and plumbing fixtures had become a part of the real estate.

CERTIFICATE by an assistant recorder of the Land Court under G. L. c. 185, § 60, of the question whether Waverley Co-operative Bank, which had foreclosed and bid in certain registered land under a coöperative bank mortgage held by it, was entitled to a certificate of title free from a notice of conditional sale of certain property to the mortgagor by Lewis Haner.

The case was heard in the Land Court by *Davis*, J., upon an agreed statement of facts, material portions of which appear in the opinion. The judge ordered a certificate of title to the land issued free of such notice. Haner appealed.

*N. J. Curhan*, for the respondent.

*J. E. Perry*, for the petitioner.

SANDERSON, J. On October 4, 1929, the petitioner recorded or filed for registration a mortgage of registered land executed by one Giovanni Morizio to it as mortgagee. The mortgage was in the statutory form for a coöperative bank mortgage, as defined in G. L. c. 183, § 22, and shown in form 6 in the appendix to that chapter, and contained the recital that "This mortgage is upon the statutory co-operative bank mortgage condition, for any breach of which the mortgagee shall have the statutory

co-operative bank power of sale." Following the description of the premises the mortgage contains this language: " Including all furnaces, heaters, ranges, mantels, gas and electric light fixtures, screens, screen doors, awnings and all other fixtures of whatever kind and nature at present contained in said buildings, or hereafter placed therein prior to the full payment and discharge of this mortgage."

On October 11, 1929, the respondent recorded a notice of a conditional sale of certain plumbing and heating fixtures " to be installed in premises at " the location of the building then under construction on the mortgaged premises " and delivered thereon October 4 to 8, 1929." Prior to this date the mortgagee had neither actual nor constructive notice of the conditional sale of the fixtures. All of the property sold by the vendor to the owner was wrought into and attached to the building on the premises as a part of the plumbing and heating fixtures thereof, with the intention that they should remain as a permanent part of the building. Thereafter the mortgagee foreclosed its mortgage for breach of condition and sold the property at foreclosure sale on February 1, 1930, and, being the highest bidder, it bought the property at not more than the amount of the mortgage debt. It was agreed that the foreclosure vested good title in the mortgagee subject only to such rights, if any, as the vendor may have acquired under his notice of conditional sale. The judge of the Land Court ordered that a certificate of title issue to the bank, as requested, free from the notice of conditional sale. The question to be decided is whether he was justified in finding that all the property in question became a part of the real estate and in ruling that title thereto passed to the bank under the mortgage foreclosure. The parties agreed that some of the property could at the time of foreclosure have been removed without causing material or substantial damage to the building, and that the rest could not have been removed without causing such damage. They also agreed that all the personal property was built into the plumbing

and heating system with the intention that it should permanently remain in the building.

G. L. c. 184, § 13, as amended by St. 1929, c. 261, is in part in the following terms: "No conditional sale of heating apparatus, plumbing goods, ranges, buildings of wood or metal construction of the class commonly known as portable or sectional buildings, or other articles of personal property, which are afterward wrought into or attached to real estate, whether they are fixtures at common law or not, shall be valid as against any mortgagee, purchaser or grantee of such real estate, unless not later than ten days after the delivery thereon of such personal property a notice such as is herein prescribed is recorded in the registry of deeds for the county or district where the real estate lies." The general rule enunciated in *Clary* v. *Owen,* 15 Gray, 522, is that all property added to real estate after a mortgagee has acquired his title thereto inures to him except in cases where it is otherwise provided by agreement or by statute. See *Automatic Sprinkler Corp.* v. *Rosen,* 259 Mass. 319, 322.

Under R. L. c. 197, § 5, providing that a mechanic's lien shall not avail against a mortgage actually existing and duly recorded prior to the date of the contract under which the lien is claimed, the court held that a mortgage to secure future advances which the mortgagee was obligated to make took precedence over a mechanic's lien based upon a contract entered into after the mortgage was made and recorded. *Whelan* v. *Exchange Trust Co.* 214 Mass. 121. See *Gerrity* v. *Wareham Savings Bank,* 202 Mass. 214; *Barry* v. *General Mortgage & Loan Corp.* 254 Mass. 282, 287. But it has been held that if the mortgagee was not bound to make the future advances he would not be entitled to priority in respect to advances made after the work was commenced and he had knowledge that it was being performed. As to such advances the mortgage was held to be not "actually existing" within the meaning of the mechanics' lien statute. *Gray* v. *McClellan,* 214 Mass. 92, 95. In the case last cited the court said at pages 95, 96: "The mortgages having been

recorded previously to the date of the petitioners' contract, it would be of no consequence, if the actual transaction corresponded with the face of the papers, that the value of the property must have been enhanced by the petitioners' labor. They had constructive notice of the mortgages, to which under the statute their liens would be subordinate . . . . The bank, if it had bound itself absolutely to advance the stipulated sum by instalments would have been secured to the amount fixed by the mortgages which would have outranked the liens, even if its officers knew at the time of making advancements that the buildings were in process of construction and that mechanics, among whom were the petitioners, were actually at work upon the premises."

In the case at bar it does not appear from the terms of the mortgage that it was given to secure future advances; but it does appear that the property was sold at foreclosure sale for a sum less than the amount named in the mortgage and that this price was not more than the amount of the mortgage debt. There is nothing in the record to indicate whether the money was paid by the petitioner before or after the notice of conditional sale. The record would not justify the conclusion that the petitioner was not under a binding obligation to pay the full amount which the mortgage purported to be given to secure, and we assume for the purposes of this decision that such an obligation existed.

If the Legislature intended to deprive a mortgagee of rights of priority to which he had been entitled under our decisions, that purpose would be expressed in clear language. The statute under consideration is negative in form. It makes invalid as against any mortgagee, purchaser or grantee of the real estate any conditional contract of the kind described unless within a specified time a notice is recorded as therein prescribed; but it does not in terms provide that if the notice is recorded as required by the statute the conditional sale shall be valid as against existing mortgages, and we are of opinion that it was not intended to take away rights of priority in the

holders of such mortgages created by the execution, delivery and recording of the same. The interpretation thus given to the statute is strengthened by words " purchaser or grantee " used with the word " mortgagee." The purchaser or grantee to whom reference is there made would naturally be not an owner at the time a conditional contract duly recorded in accordance with the requirements of the statute is entered into but one who thereafter becomes the owner by purchase or grant.

The agreement in the mortgage under consideration, that all articles of the nature of those described in the conditional contract, whether then in the building or thereafter placed therein, should be included as a part of the mortgaged premises, the purpose as expressed in the notice of conditional sale that the articles were to be installed in the premises, and the further fact, to which the parties agreed, that all of the personal property was wrought into and attached to the building as a part of the plumbing and heating fixtures thereof, with the intention that the system should remain a permanent part of the building, justified, if they did not require, the finding that all the property in question became a part of the real estate. Upon that conclusion of fact the ruling that title thereto passed to the bank under the mortgage foreclosure was right, even if it be assumed that some of the money secured by the mortgage was paid by the bank after notice of conditional sale.

In *Morrison* v. *Segal,* 270 Mass. 292, there was a conclusive finding of fact that the stoves did not become part of the real estate, and in *Automatic Sprinkler Corp.* v. *Rosen,* 259 Mass. 319, and *Abeloff* v. *Peacard,* 272 Mass. 56, the statutory requirements as to recording notice of conditional sale were not complied with.

The decision of the judge of the Land Court is

*Affirmed.*