## LIONEL D. GREENE *vs.* HARRY LAMPERT.

Middlesex.   January 15, 1931. — January 29, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Mortgage*, Of real estate: construction mortgage.   *Sale*, Conditional: heating apparatus, recording.   *Real or Personal Property*.

In a suit in equity by a construction mortgagee of real estate to enjoin the vendor by conditional sale, subsequent to the giving of the mortgage, of certain heating and plumbing equipment installed in a building covered by the mortgage from removing such equipment, it appeared that the defendant had recorded his bill of sale under G. L. c. 184, § 13, and the defendant admitted the truth of an allegation in the bill that the heating and plumbing equipment had been wrought into and attached to the real estate. A master found that the equipment could be removed without substantial injury to the building. It did not appear that the plaintiff was not bound to make advances under the mortgage. *Held*, that

(1) The equipment, having been wrought into and attached to the real estate, had become a part of it although it could have been removed without substantial damage to the building;

(2) The provisions of G. L. c. 184, § 13, in the circumstances did not give the defendant a right to hold the equipment, thus wrought into the building, against the plaintiff mortgagee;

(3) The plaintiff was entitled to the relief he sought.

BILL IN EQUITY, filed in the Superior Court on May 10, 1929, and described in the opinion.

The suit was referred to a master. Material facts found by the master are stated in the opinion. By order of *Burns*, J., the master's report was confirmed, and, by order of *Qua*, J., the final decree described in the opinion was entered. The plaintiff appealed.

*H. Hoffman*, for the plaintiff.

*P. Samuels*, for the defendant.

CARROLL, J.   The plaintiff is the holder of a mortgage dated December 17, 1928, and duly recorded, of the real estate of one Berarde. The mortgagor engaged William E. Curtin to do the heating and plumbing work on a house to be constructed on the premises. Curtin purchased

heating and plumbing equipment from the defendant on March 22, 1929, under a conditional sale agreement, which was in writing and recorded under G. L. c. 184, § 13, on April 1, 1929. It is alleged in the bill that the defendant has threatened to enter and remove the heating and plumbing equipment. In the conditional sale agreement the plumbing and heating material is spoken of as personal property. The plaintiff asked that the defendant be restrained from entering the premises and removing these appliances.

In the fourth paragraph of the plaintiff's bill it is alleged that the heating and plumbing equipment has been wrought into and attached to the real estate. The master found that all the allegations in the plaintiff's bill, except the allegation in paragraph 5, "were admitted by the defendant, either in his answer or at the opening of the trial before me." He also found that the plumbing and heating material could be removed without substantial injury to the building, that under the construction agreement of the mortgagor and mortgagee, if the mortgagor for seven successive days substantially ceased "to work upon the building such failure or neglect shall authorize the mortgagee . . . to take immediate possession of the premises and proceed to complete the building with the right to use all material which may be found upon the premises"; that acting under this provision the plaintiff took possession of the premises "on or not later than April 10, 1929." The master's report was confirmed, a final decree was entered dismissing the plaintiff's bill and restraining him from interfering with the defendant in the removal of the materials described in the conditional bill of sale agreement and delivered on the real estate in question, unless the plaintiff pays the defendant the sum of $975 and interest. The plaintiff appealed from the final decree.

The plumbing and heating appliances, although removable without substantial damage to the building, were wrought into and attached to the real estate. This was admitted by the defendant, according to the report of the

master. The plumbing and heating materials, having been wrought into and attached to the real estate, a finding was justified that as between the mortgagee of the real estate and the conditional vendor they became a part of the real estate and the title to them passed to the mortgagee. The fact that these articles could be removed without substantial damage to the building did not deprive the mortgagee of the right to hold them as a part of the real estate if they were wrought into and attached to the building. The words "wrought into and attached to said real estate," as we interpret them, mean that the appliances have been so worked into the building as to become a part of it. The rights of the parties in a similar transaction were discussed in the recent case of *Waverley Co-operative Bank* v. *Haner,* 273 Mass. 477. It was there decided that, according to the general rule, all property added to the real estate after the mortgagee acquired his title becomes his property except where otherwise provided by agreement or by statute. *Clary* v. *Owen,* 15 Gray, 522. That rule should be applied here where the plumbing and heating equipment became a part of the real estate. There is nothing in the record to show that the mortgagee made any agreement to the contrary. In *Nickels* v. *Scholl,* 228 Mass. 205, upon which the defendant relies, it appeared that from the manner in which the appliances were attached to the building they could be found to be personal property. That decision is not applicable here. There was no finding that the articles remained personal property. Assuming that the materials were wrought into the building as is usual with such appliances, the finding would not be warranted that the equipment remained personal property against the mortgagee. See *Automatic Sprinkler Corp. of America* v. *Rosen,* 259 Mass. 319, 323.

The defendant relies on G. L. c. 184, § 13, which provides that "No conditional sale of heating apparatus, plumbing goods, ranges or other articles of personal property, which are afterward wrought into or attached to real estate, whether they are fixtures at common law or not, shall be

valid as against any mortgagee, purchaser or grantee of such real estate, unless not later than ten days after the delivery thereon of such personal property a notice . . . is recorded in the registry of deeds." This statute does not help the defendant. It is in terms a negative statute. It does not give the conditional vendor who complies with the statute the right to hold the property thus sold against the mortgagee of the real estate, when the appliances are wrought into the building. Its terms show that it was not intended to take away the rights of such mortgagee whose mortgage was duly recorded. *Waverley Co-operative Bank* v. *Haner, supra.*

There is nothing in the record to show that the mortgagee was not bound to make advances and we do not consider that the question of the rights of such mortgagee is before us.

We are of opinion that *Stone* v. *Livingston,* 222 Mass. 192, *Henry N. Clark Co.* v. *Skelton,* 208 Mass. 284, *Carpenter* v. *Allen,* 150 Mass. 281, are not in conflict. We have not thought it necessary to discuss the question argued by the plaintiff that the conditional sale agreement was not executed in the manner required by the statute.

The decree is to be reversed. A decree is to be entered restraining the defendant from removing the heating and plumbing equipment from the premises, with costs to the plaintiff.

*Ordered accordingly.*