This action has been brought by the plaintiff, the owner of a first mortgage covering premises in the City *Page 72 
of Bridgeport upon which a judgment of foreclosure has been entered, against Alexander Palceski, the owner of the equity and John Palceski and Alex Makricki, doing business as The Ideal Coal Carburetor Sale Company. The latter company claims an interest in an oil burner and equipment for the same which is located on these premises sold to Alexander Palceski on a conditional bill of sale.
A hearing was had before the undersigned on an order to show cause why a temporary injunction should not be granted restraining the defendants from removing the oil burner and equipment from the premises in question. At this hearing held October 4, 1935, it developed that the conditional bill of sale referred to above was not properly executed and it was agreed by counsel that the sole question in the case to be determined is whether or not the oil burner and equipment for the same constitute a fixture. It was agreed that if it did the plaintiff was entitled to the relief prayed for.
The oil heating equipment consists of a Heywood Oil Burner with thermostat and automatic oil pump, 275 gallon underground tank for storage of fuel oil, together with a pipe running from this tank to the cellar where the furnace is located; an oil gauge to show the level of the oil in the tank; a domestic hot water control, a water heater and a hot water tank of 30 gallons capacity; also electric wiring and piping necessary to make a complete installation for the oil burner.
The evidence disclosed that some parts of the oil burner system might be taken out and the old parts of the furnace replaced without any substantial damage to the realty. It also appeared that no attempt would be made to take out the underground tank or to remove pipes which ran under the cellar floor. It is evident, however, that this equipment would be of no use if the oil burner itself were removed. It appears furthermore that the hot water heater and hot water tank might be removed without damage to the realty and that it was possible to replace the old hot water tank which had been removed, but not destroyed.
Under the above state of facts, it becomes necessary to determine whether or not the parts of the oil burner system which the defendants seek to remove are fixtures or merely chattels which may be removed. An examination of the law on this subject discloses the fact that this exact question has not been settled in our own State and that throughout the *Page 73 
other States there is a great diversity of opinion on this subject. The following statement covering a case similar to the one under discussion appears in 41 A.L.R., 607 C.:
 "A unified heating plant installed in a building is considered to be a permanent part of it. Therefore; if an owner in possession puts into the premises a furnace or boiler to be used for heating purposes, it becomes subject to a prior mortgage executed by the owner."
One of the best considered cases, in the opinion of the Court, is a Massachusetts case decided in 1931, Greene vs.Lampert (Mass.) 174 N.E. 669, in which it is stated: "As between prior mortgagee and conditional seller, plumbing and heating appliances wrought into and attached to realty become part of the realty", and the fact that these appliances could be removed without substantial damage to the building would not preclude the title of the same from passing to the mortgagee as against the conditional seller.
It would seem that the heating system should be considered as a unit, whether it be a coal burning system or an oil burning one. It is evident that no one would think of taking out radiators and pipes of a heating system such as the one under discussion. In the opinion of the Court, when any part of such a heating system is changed from one form to another the new parts become a portion of the unit heating system and therefore fixtures. It is clear moreover that if the entire system in its present form had been installed at the time the building was constructed that every part of it would now be considered to be attached to the building and not personalty. The fact that a part of this heating system is replaced by a more modern one does not change the character of the article and prevent it from becoming a part of the realty.
In all probability, the owner of these premises contemplated making a permanent improvement when he installed the oil burner and hot water system which required the parts referred to above. All of the parts of this system constitute a unit and it is not fair to contend that the underground fuel tank and certain pipes running under the cellar floor would become fixtures while other parts of the system would remain personalty. The real test is not whether a portion of this system can be detached without damaging the realty, but whether or not the portion so attached is a part of a complete *Page 74 
heating system which part the owner intended to be a permanent improvement when the same was installed.
An examination of the conditional bill of sale described as a "Purchase Contract", Plaintiff's Exhibit A, shows that it was not executed in conformity with the requirements ofSection 4697 of the General Statutes and that therefore this is an absolute sale as far as the plaintiff in this action is concerned under the provisions of Section 4699 of the GeneralStatutes. Under this state of facts, it becomes necessary to determine whether or not the oil heater and equipment is still a chattel which may be removed by the vendee, the owner of the equity of redemption, or whether this burner and its equipment have been so attached to the realty as to become a fixture and so not removable by the vendee.
 The Court concludes that the articles in question constitute fixtures attached to the realty and are therefore covered by the plaintiff's mortgage. An injunction may issue to prevent the defendants from removing any of the articles described in the Writ, Summons and Complaint and Order to Show Cause.