ISAAC SPECTOR *vs.* PEMBERTON ROACH.

Suffolk.    November 10, 1942. — January 25, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Sale*, Conditional. *Equity Jurisdiction*, Equitable replevin.

A conditional vendor of household furniture did not comply with G. L. (Ter. Ed.) c. 255, § 13C, as appearing in St. 1939, c. 509, § 2, by furnishing the vendee a statement of account which did not include some of the payments in fact made by the vendee against the purchase price.

A suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (1), to secure repossession of household furniture sold by the plaintiff to the defendant on conditional sale could not be maintained where the plaintiff had not furnished to the defendant the statement of account required by c. 255, § 13C, as appearing in St. 1939, c. 509, § 2.

BILL IN EQUITY, filed in the Superior Court on March 5, 1942.

The suit was heard by *Walsh*, J.

*R. H. Cooper*, for the plaintiff.

*S. Myers*, for the defendant.

QUA, J.    This is a bill for equitable replevin (G. L. [Ter. Ed.] c. 214, § 3 [1]) to secure repossession of household

furniture sold by the plaintiff to the defendant on conditional sale. The judge found that certain payments by the defendant totalling $35, in addition to other payments made at various times, should be deducted from the purchase price, and that the plaintiff had not given a true itemized account to the defendant. He dismissed the bill.

It is provided by G. L. (Ter. Ed.) c. 255, § 13C, inserted by St. 1939, c. 509, § 2, that at least thirty days before taking possession of household furniture or effects for default of the vendee in his payments the vendor shall demand in writing of the vendee or other person in charge of said furniture or effects "the balance then due" and shall furnish him "an itemized statement of the account showing the amount due thereon." This contemplates a statement of the account showing the *true* amount due thereon after all just credits have been given. A statement that ignores payments that in fact have been made on account does not show "the amount due thereon," as required by the statute. It shows as due an amount different from and greater than "the amount due thereon." The purpose of requiring the furnishing of the statement is to enable the vendee to comply intelligently with the demand for "the balance then due" and so to save his furniture, and also no doubt to furnish him the information necessary to enable him to redeem under § 11. These purposes can seldom be accomplished by a statement that overcharges the vendee. If there can ever be cases under this statute where an overcharge made in good faith and proved to have done no harm does not vitiate the statement, the present case has not been shown to be of that type. Compare *Magnifico* v. *Nicholson*, 264 Mass. 519, and cases cited, relating to a somewhat similar statute.

When the plaintiff brought suit he had failed to complete his cause of action in that he had failed to perform a condition precedent to the exercise of his right of repossession, and the bill was rightly dismissed.

*Decree affirmed with costs.*