*Southern District*

## JOHN C. DeMELLO et ali
### v.
## A. B. C. LOAN COMPANY, INC.
## MARY NICHOLS KALARES
### and
## ELSIE NIEMIEC

*Sgarzi, J.* This is an action of contract or tort alleging conversion of certain household furniture. The answer was a general denial and an allegation that no demand had been made upon the defendants for return of the goods.

There was evidence that on January 6, 1951 the plaintiffs as conditional vendors and one Harriet Ochs as conditional vendee signed a conditional sale agreement covering certain household furnishings which the vendee used in conducting a nursing home at 189 Bakerville Road, South Dartmouth. The agreement provided that title remain in the vendor and that the

vendee could not, without the consent of the vendor, sell, lease, mortgage or remove the property from the nursing home.

On March 7, 1951 the said Ochs and her husband mortgaged the real estate at 189 Bakerville Road, South Dartmouth to the defendant A. B. C. Loan Company, Inc., and as additional security gave to the mortgagee, without the knowledge or consent of the plaintiff a chattel mortgage covering the personal property in the nursing home, including the articles mentioned in the conditional sale agreement. The chattel mortgage was recorded and contained covenants of the mortgagor that she was the lawful owner of the property, that it was free of all encumbrances, that she had a good right to sell the same and that she would warrant and defend the title. The mortgagee A. B. C. Loan Company, Inc. had no knowledge of the conditional sale.

Both the real estate mortgage and the personal property mortgage were foreclosed on August 21, 1952. The A. B. C. Loan Company, Inc. was the purchaser at the sale and continued the operation of the nursing home with Harriet Ochs and her husband as employee until November 13, 1953 when it sold the nursing home business including the property in question, to the defendants Elsie Niemiec and Mary Nichols Kalares. They in turn gave A. B. C. Loan Company, Inc. a purchase-money mortgage covering the property.

Prior to the commencement of this action the individual defendants denied access to the property to the plaintiffs' attorney contending that they had purchased it from A. B. C. Loan Company, Inc. and that the matter was one between A. B. C. Loan Company, Inc. and the plaintiff. The amount of indebtedness owed the plaintiff at the time of the alleged conversion was more than $2,000.00 but there is nothing in the report to indicate that payments were in default.

There was evidence that at the time the mortgage was foreclosed and at the time the property was acquired by the defendants Niemiec and Kalares it had a fair market value of $1,291.57.

The plaintiffs made the following requests for rulings all of which were denied:

1. The foreclosure of the chattel mortgage by A. B. C. Loan Co., Inc. and the purchase of the mortgaged chattels by same, without the assent of the plaintiffs, constituted such an exercise of dominion over the goods as to amount to a conversion, insofar as relates to goods sold on conditional sale by plaintiffs to the conditional buyer and wrongfully mortgaged to said A. B. C. Loan Co., Inc.

2. A. B. C. Loan Co., Inc.'s sale to defendants Kalares and Niemiec of the goods sold by the plaintiffs on condition previously to one Ochs constituted a conversion.

3. The purchase of goods by defendants Kalares and Niemiec, their mortgage of same to A. B. C. Loan Co., Inc., their taking possession of and using same constituted a conversion of such goods as had been sold on condition by plaintiffs to one Ochs.

4. The statement by defendants Kalares and Niemiec that they had purchased the chattels at 189 Bakerville Road, Dartmouth, absolutely from the A. B. C. Loan Co., Inc. and were possessed of same as owners and would not permit plaintiffs or their attorney to identify the goods sold on conditional sale by plaintiffs nor permit their entry upon the premises numbered 189 Bakerville Road, Dartmouth, constituted such an exercise of dominion over the goods as to amount to conversion.

5. The statement by defendants Kalares and Niemiec that the rights if any of the plaintiffs to the goods would have to be asserted against the A. B. C. Loan Co., Inc. from whom said defendants had purchased same outright constituted a conversion of the goods in their possession which had been sold by plaintiffs to one Ochs on conditional sale.

6. The defendant A. B. C. Loan Co., Inc. is liable to plaintiffs for conversion.

7. The defendants Kalares and Niemiec are jointly and severally liable to plaintiffs for conversion.

The defendants made the following requests for rulings, the first three of which were denied and the fourth denied as not applicable to the Court's findings of fact:

1. The conditional sales contract upon which the plaintiffs base their claim is void because it does not comply with section 12, as amended of chapter 255 of Annotated Laws.

2. The conditional sales contract upon which the plaintiffs base their claim is void because it does not comply with section 12A of chapter 255 of the Annotated Laws.

3. The plaintiffs' cause of action is prematurely brought because of the failure of the plaintiff to comply with section 13, as amended of chapter 255 of the Annotated Laws.

4. The date of the actual taking by the defendant A. B. C. Loan Co., Inc. is the date of conversion, if any conversion was made, and that damages if any are to be assessed, must be the fair market value of the articles on said date.

Subsequently the defendants made the following additional requests for rulings, all of which were granted:

1. The Court is warranted in finding that before the defendants foreclosed on their mortgage, the plaintiffs were duly notified of the intended foreclosure, and they did nothing to exercise their rights under their conditional lease.

2. The Court is warranted in finding that the plaintiffs made no demand for the return of their property, nor did the defendants refuse to return it.

3. As a matter of law, the Court should find for the defendants in that they did nothing to imply an assertion of title or a right of dominion over the plaintiffs' property.

The Court found the following facts and found for the defendants.

"On January 6, 1951, a conditional sale was signed by Harriet Ochs as conditional vendee, and in behalf of the plaintiffs by Alvaro L. Rodrigues, as conditional vendors. This sales agreement covered certain household furniture and effects together with certain paints. As there was no evidence as to an alleged conversion of paints, the court will not consider the

same but will confine its decision to the household furniture and effects. This personal property was to be used in a rest home owned and run by Mrs. Ochs and her husband. On March 7, 1951, Mrs. Ochs, together with her husband mortgaged the rest home, being real estate, to the A. B. C. Loan Co., Inc., and as additional security gave a chattel mortgage of all the personal property in the home, including the property subject to the above mentioned conditional sale. These mortgages were foreclosed by the A. B. C. Loan Co., Inc. in August, 1952. Notice was given of the foreclosures to the plaintiffs. After the fore-closures Mrs. Ochs remained on the premises and continued operating the business until November 14, 1952. Her husband remained several months longer. On April 13, 1953, the defendants, Mary Nicholas Kalares and Elsie Niemiec took a transfer of the personal property and began operating the rest home. The latter two mortgaged the personalty to the A. B. C. Loan Co., Inc. as additional security for a real estate loan on the premises. No demand was ever made on any of the defendants by the plaintiffs either for payment or for return of the articles alleged to be subject to the conditional sale.

Under the provisions of G. L. c. 255, §13C, it is provided as follows: "Thirty days at least before taking possession of household furniture or other household effects for default of the vendee in the payment of money under a contract of conditional sale, the vendor shall demand in writing of the vendee, or other person in charge, of said furniture or effects, the balance then due, and shall furnish to said vendee or other person an itemized statement of the account showing the amount due thereon."

The statute was referred to as a pre-requisite to a bill of equitable replevin in the case of *Spector v. Roach*, 313 Mass. 52-53. We feel that the theory in the latter case is applicable in the instant case as the subject matters of the Spector Case and of the instant

case are somewhat analogous. As equitable replevin would not lie against a conditional vendee, it would likewise seem that neither would an action for conversion lie against the persons who later were in charge of the furniture or effects.

Whatever the law may be relative to the conversion of articles by a mortgagee of goods sold under a conditional sale, the legislature has seen fit to make special provisions relative to establishing the rights of a conditional vendor of household furniture and effects. The items in dispute in the instant case seem to fall into this category and, as said by the Court in the Spector case, when the plaintiffs brought suit, they failed to complete their cause of action in that they failed to perform a condition precedent in the exercise of their right of possession. This action therefore would appear to be premature."

The plaintiffs claiming to be aggrieved by the denial of their requests for rulings and by the granting of the defendants' three additional requests, the judge reports the case to this Division for determination.

There was no error in the denial of the plaintiffs' requests since they were based upon facts which the judge was not required to find.

If the property involved were other than household furniture and effects, there is no doubt that the evidence would warrant a finding for the plaintiffs. *Lawyers Mortgage Investment Corp. v. Paramount Laundries Inc.*, 287 Mass. 357; *Morrison v. Segal*, 270 Mass. 292; *Malden Center Garage Inc. v. Berkowitz*, 269 Mass. 303; *New England Road Mach. Co. v. Quincy Oil*, 290 Mass. 242.

The finding of the judge was based upon G. L. c. 255 §13C which is set forth in his findings of fact. This statute however by its terms applies only where a conditional vendor seeks to repossess household furniture or effects for default of the vendee in the payment of money under the contract.

While there was evidence here that at the time of the alleged conversion the amount of indebtedness was more than $2,000.00 there is nothing to indicate a default in the making of payments. On the other hand there was evidence, and the judge found that the goods were mortgaged by the conditional vendee in violation of the terms of the contract.

In the case of *Brown v. Goldthwaite Furniture Co.,* 186 Mass. 51 the court in interpreting St. 1898, c. 545, the pertinent language of which has been incorporated in G. L. c. 255, §13C said, "A careful consideration of the language of St. 1898, c. 545 especially when considered in the light of the previous legislation, leads us to the conclusion that the provision for a thirty days' notice and demand applies only where the breach relied upon is default in the payment of money."

In discussing this general subject it is stated in 174 ALR 1365: "In case of the buyer's breach of the contract by sale or removal of the property or by subjecting it to a valid lien or by any act amounting to a conversion of it, the seller, as a general rule, may repossess the property without demand, notice or further grace."

The case of *Spector v. Roach,* 313 Mass. 52 mentioned in the judge's findings of fact, involved an attempt to repossess goods from a conditional vendee after giving the thirty days' notice required by the statute. The only question involved was the adequacy of the notice and since the nature of the breach is not disclosed we must presume that there was default in the payment of money as contemplated by the statute.

It is apparent from the facts of this case that the action of the plaintiffs is predicated upon a breach of contract other than the payment of money and it therefore follows that c. 255, §13C has no application. It may further be observed that while the goods referred to as household furniture and effects

they were not a part of the household of the vendee but were in fact used in the business of operating a rest home.

It is the duty of the judge to correctly instruct himself as to the law. *Hetherington v. Firth,* 210 Mass. 8; *Biggs v. Densmore,* 323 Mass. 106.

There was no error in granting the first two of the defendants' supplemental requests. With regard to the third however, if we construe it to mean that the judge was required to find that the defendants did nothing to assert title to or exercise dominion over the plaintiffs' property, there was prejudicial error in granting it.

For this reason and for the further reasons cited above the *judgment for the defendant is to be vacated and a new trial is ordered.*