ALBERT S. MCLEAN & another[1] *vs.* EASTHAMPTON SAVINGS BANK.
August 24, 1979. In this action the plaintiffs seek to recover damages
against Easthampton Savings Bank (bank) for breach of agreements
to make mortgage money advances pursuant to construction loan
agreements. Upon conclusion of the evidence introduced at a jury
trial, a Housing Court judge on his own motion directed a verdict in
favor of the bank. The judge was correct. The testimony and docu-
ments introduced in evidence showed that the plaintiffs had entered
into construction loan agreements with the bank (evidenced by letters
of commitment signed by the plaintiffs and by a bank official) secured
by mortgages and notes to the bank for the purpose of financing the
construction of five houses on lots owned by the plaintiffs. The pro-
ceeds of the loans were to be disbursed by the bank to the plaintiffs
as construction progressed to pay bills for work done on or materials
incorporated into the subject premises. After completion of one house
the plaintiffs transferred the four remaining properties to A & R
Builders, Inc. (A & R), wholly owned by the plaintiff Albert S. McLean,
and A & R in turn transferred them to Meadowbrook Realty Corpora-
tion (Meadowbrook), owned by one Raymond F. Lucia. The bank noti-
fied the plaintiffs by letter that its board of investment had approved
the plaintiffs' request to permit Meadowbrook to purchase the four
properties subject to the mortgages. Guaranties of the mortgage notes
were subsequently executed by Meadowbrook and Lucia. After the
transfer of the properties by the plaintiffs, the bank ceased to advance
construction monies to the plaintiffs and thereafter made the ad-
vances to Meadowbrook. The plaintiffs and A & R then brought an
action against the bank and Meadowbrook. In the count against Mea-
dowbrook (not relevant to this appeal except as it provides some con-
text for understanding the circumstances leading to the action against
the bank) A & R sought judgment against Meadowbrook based on its
alleged failure to pay the agreed purchase price for the conveyance of
the four properties to Meadowbrook. On appeal, the only matter be-
fore us is the count against the bank.

The plaintiffs contend that the transfers of title by them did not
relieve the bank of its obligation to continue to advance the construc-
tion loan payments to the plaintiffs, absent a contemporaneous assign-
ment of the plaintiffs' rights to receive the advances and a discharge
of the plaintiffs' duties to the bank. They argue that they were not
required by the letters of commitment personally to construct the
houses or to retain title to the subject premises, that since the houses
were substantially completed (albeit by a third party) the plaintiffs
have complied with the terms of the letters of commitment, and thus
that the further construction advances should have been made to
them. We find these arguments untenable. It is clear from the docu-
ments in evidence (to be read together in order to interpret the parties'
contract, *Harding* v. *Broadway Natl. Bank*, 294 Mass. 13, 19-20 [1936],
and cases cited) that after transfer of title by the plaintiffs was effect-

[1] Rita M. McLean.

ed, the bank was under no obligation to advance to the plaintiffs further instalments of the proceeds of the construction loans. The bank was free, under the terms of the original loan agreements with the plaintiffs and the terms of the mortgage, to elect to deal with any successors in interest with reference to the mortgages and the debts secured thereby in the same manner as with the plaintiffs. The evidence introduced at trial also included the bank's letter of assent to the transfer of the properties to Meadowbrook and copies of the assignments, signed by the plaintiffs, of "the tax escrow and other rights in connection with the mortgage loan[s]" to Meadowbrook. Further construction of the houses by Meadowbrook created no obligation on the part of the bank to advance the remainder of the loans to the plaintiffs. See *Rothenberg* v. *Newton Mortgage Corp.*, 273 Mass. 399, 402 (1930); *Williams* v. *Whitinsville Sav. Bank*, 283 Mass. 297, 299-300 (1933). See also *Evans Prod. Co.* v. *D.J. Dev. Corp.*, 6 Mass. App. Ct. 306, 308 n.2 (1978).

*Judgment affirmed.*

The case was submitted on a brief.
*Donald P. Conway* for the plaintiffs.