DEAN F. JACOB & another *vs.* LUCILLE JACOB. March 10, 1980. The plaintiffs claim that it was error (1) to deny their several motions to amend their complaint (see Mass.R.Civ.P. 15[a], 365 Mass. 761 [1974]) and (2) to allow the defendant's motion to dismiss their action pursuant to Mass.R.Civ.P. 12(b)(2), 365 Mass. 755 (1974). We agree.

"[A] judge properly may deny a motion to amend because the complaint as amended would fail to state a claim on which relief could be granted [footnote omitted]. Consequently, we analyze the issues argued on behalf of the plaintiffs on the basis of the allegations of the complaint, as proposed to be amended, to determine whether the plaintiffs have alleged a claim which may entitle them to relief." *Jessie* v. *Boynton*, 372 Mass. 293, 295-296 (1977). Compare *Evans Prod. Co.* v. *D.J. Dev. Corp.*, 6 Mass. App. Ct. 306, 309 (1978). The defendant filed no affidavit or other form of support of her motion to dismiss, which appears to have been heard and determined solely on the verified complaint, the motion and the plaintiffs' affidavits and exhibits attached thereto. See and compare *Nichols Assocs.* v. *Starr*, 4 Mass. App. Ct. 91, 93-94 (1976). See also *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 9 n.15 (1979). Nor did the defendant file any form of opposition to the motions to amend the complaint. In these circumstances, for the purpose of analysis, we take the uncontroverted allegations of the proposed verified amended complaint as true. We accordingly conclude that it was error for the judge to deny the plaintiffs' motions to amend and to allow the defendant's motion to dismiss.

It will be a matter of proof, of course, whether in fact the defendant's activities in Massachusetts fall within G. L. c. 223A, § 3, as amended through St. 1976, c. 435. See *Carlson Corp.* v. *University of Vt.*, 380 Mass. 102, 105-109 (1980); and authorities cited. See also Zabin, Long-Arm Statutes; International Shoe Comes to Massachusetts, 54 Mass. L.Q. 101, 109-110 (1969). At this juncture it cannot be determined with the requisite degree of certainty whether the nonresident defendant's activities satisfy the "minimum contacts" requirement, see *International Shoe Co.* v. *Washington*, 326 U.S. 310, 316 (1945), or whether she has "purposefully avail[ed herself] of the privilege of conducting activities within" Massachusetts, see *Hanson* v. *Denckla*, 357 U.S. 235, 253 (1958), so as to justify the imposition of personal jurisdiction over her. See *Shaffer* v. *Heitner*, 433 U.S. 186, 204 (1977)

The judgment dismissing the complaint is reversed, and the plaintiffs' motions to amend their complaints are to be allowed. Costs are not to be awarded to any party.

*So ordered.*

*Charles R. Levin* for the plaintiffs.
*John S. Legasey* for the defendants.